**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION**

| | |
|---|---|
| DEBRA FAYE LEWIS, : : Plaintiff, : : v. : : SOUTHERN FAMILY MARKETS : OF ALBANY, LLC, : : Defendant. : _____: | Case No.: 1:13-cv-153 (WLS) |

## ORDER

Before the Court is Plaintiff Debra Faye Lewis's Motion to Remand. (Doc. 8.) For the reasons that follow, the motion is **DENIED**.

### I.   Procedural Background

Plaintiff Debra Faye Lewis (Lewis) filed this slip-and-fall case in the Superior Court of Dougherty County on August 12, 2013. Lewis alleges that, while shopping at Piggly Wiggly in Albany, Georgia, she slipped on a puddle, fell, and suffered injury. Defendant Southern Family Markets of Albany LLC (Piggly Wiggly) removed the case to this Court on September 18, 2013, on the basis of diversity jurisdiction.

Lewis now moves to remand. She claims the Court lacks subject matter jurisdiction because the amount in controversy is not evident from the Complaint and Piggly Wiggly has failed to establish the jurisdictional amount by a preponderance of the evidence. In response, Piggly Wiggly proffers a 911 call reporting the fall and Lewis's medical records. The Defendant also provides a morality table showing that Lewis is projected to live another twenty-nine years and that, "if she were to make the argument

1

at trial that her ongoing pain complaints are worth a mere $2,000 dollars a year for the remainder of her life . . . her claim would be worth in excess of the jurisdictional limit."

According to the medical records, Lewis fell and struck her head at Piggly Wiggly on June 2, 2012. When ENTs arrived to the grocery, Lewis complained of back and shoulder pain. She also reported having a headache. A doctor at Phoebe Putney diagnosed her with osteoarthritis, posttraumatic headache, and spondylosis. A radiology report noted that Lewis had decreased space between her intervertebral discs at several locations, but she did not suffer a fracture.

Lewis visited Dr. Mark Wolgin, an orthopedic surgeon, f0llowing the fall. Dr. Wolgin prescribed her a muscle relaxant and reported that she had a history of neck and shoulder pain. He also opined, "Fortunately, despite the cervical spine stenosis, the patient was able to tolerate a fall and not have any cervical spinal cord injury. The patient will likely do well with nonoperative care. I will start the patient on Relafen and refill a pain medication." Dr. Wolgin also recommended that Lewis visit a physical therapist.

During a follow-up visit on October 29, 2012, Dr. Wolgin reported that Lewis's physical therapy had been delayed because of a foot surgery. She was not on any medications for her back pain, but was experiencing pain in the "lower back region in the posterior buttock with no radiating pain or numbness to the legs." He renewed her prescription for physical therapy. A month later, Dr. Wolgin found that Lewis participated in physical therapy but "does not feel much better" and continues to experience lower back pain. On December 19, 2012, Dr. Wolgin reported that Lewis "is much better with regard to her symptoms which include mainly pain in the posterior buttock bilaterally," which she rated as a five out of ten on a pain scale. Lewis underwent

lumbar injections. She reported, however, that the injections did not help, even during the day immediately following the procedure.

Lewis also visited a physical therapist, who noted that "[Lewis] reports increased pain in her back," at a level of nine out of ten. The pain increases with standing or walking. The physical therapist, Jason Martin, also reported that she "currently has difficulty with cooking and cleaning activities secondary to standing." Lewis was later discharged from physical therapy because she made "little to no progress."

Piggly Wiggly claims that these records establish the amount in controversy by a preponderance of the evidence. It also asserts that it is "facially apparent" from the Complaint that the amount in controversy exceeds $75,000. The Court agrees.

## II.  Discussion

Title 28, United States Code, section 1141(a) allows a defendant to remove from state court any civil action over which a federal court would have original jurisdiction. 28 U.S.C. § 1141(a). A federal court has original jurisdiction when (1) the case presents a federal question or (2) when the parties are diverse and the amount in controversy exceeds $75,000. 28 U.S.C. § 1331, 1332. A federal court must assess the jurisdictional facts at the time of removal. *Vega v. T-Mobile USA, Inc.*, 564 F.3d 1256, 1268 n.12 (11th Cir. 2009). If the court lacks jurisdiction, the case must be remanded to the state court. 28 U.S.C. § 1447(c). Removal statutes are strictly construed "[b]ecause removal jurisdiction raises significant federalism concerns." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). "[A]ll doubts about jurisdiction should be resolved in favor of remand to state court." *Id.* (citing *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994)).

Where, like here, a party removes on the basis of diversity jurisdiction, a federal court cannot speculate as to the amount in controversy. *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 752 (11th Cir. 2010); *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1220 (11th Cir. 2007). Rather, "[i]f a plaintiff makes 'an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the . . . jurisdictional requirement." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Tapscott v. MS Dealer Service Corp.,* 77 F.3d 1353, 1357 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000)). To satisfy its burden, a defendant may introduce extrinsic evidence. *See Pretka*, 608 F.3d at 774–75. But the defendant need not introduce evidence when it is "facially apparent" from the complaint that the amount in controversy exceeds the jurisdictional minimum, even if the plaintiff demands an unspecified amount of damages. *Roe*, 613 F.3d 1058, 1061 (11th Cir. 2010) (quoting *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Id.* at 1062.

In this case, although it is doubtful that the amount in controversy is facially apparent from the Complaint, Piggly Wiggly has established the jurisdictional amount by a preponderance of the evidence. In her Complaint, Lewis requests $20,233.54 in known medical expenses. Given that Lewis incurred those expenses in about a year and reported little change in her condition, it is likely she will incur long-term, expensive medical expenses to treat her pain, which she described as reaching a level of seven or nine out of ten. Lewis described the pain, at its best, as a five out of ten. The pain

4

increases when she stands or walks. Additionally, the medical reports suggest that the fall compounded preexisting conditions in her spine. Because of the varying levels of pain and the potentially permanent nature of her injury, Lewis will undoubtedly seek damages for the foreseeable future.

Therefore, the Court concludes that the amount in controversy exceeds $75,000 by a preponderance of the evidence.

### III. Conclusion

Lewis's motion to remand (Doc. 8) is **DENIED**.

**SO ORDERED**, this   6th   day of November, 2013.

                           /s/ W. Louis Sands
                           **W. LOUIS SANDS, JUDGE**
                           **UNITED STATES DISTRICT COURT**